UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY ONCOLOGY ALLIANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> ALEX M. AZAR II, Secretary of the U.S. Department of Health and Human Services, in his representative capacity, <br><br> CENTERS FOR MEDICARE AND MEDICAID SERVICES, & <br><br> SEEMA VERMA, Administrator of the Centers for Medicare & Medicaid Services, in her representative capacity, <br><br> Defendants. | Civil Action No. 20-3604 |

## JOINT STATUS REPORT

Plaintiff Community Oncology Alliance, Inc. ("COA" or "Plaintiff") and Defendants United States Department of Health and Human Services ("HHS"), Alex M. Azar II, in his representative capacity ("Secretary Azar"), the Centers for Medicare & Medicaid Services ("CMS"), and Seema Verma, in her representative capacity ("Administrator Verma") (HHS, Secretary Azar, CMS and Administrator Verma collectively referred to herein as "Defendants"), hereby submit this *Joint Status Report* to address the Court's questions contained in the Minute Orders issued on Monday, December 21, 2020.

A.  **Whether Plaintiff's Motion for a Preliminary Injunction Should be Consolidated with the Merits under Federal Rule of Civil Procedure 65.**

Because Plaintiff has not yet seen Defendants' response to its *Motion for a Temporary Restraining Order and Preliminary Injunction* (the "Motion for Injunctive Relief"), ECF No. 11, Plaintiff is presently uncertain whether consolidation would be most efficient.

Defendants oppose consolidation of Plaintiff's Motion for a Preliminary Injunction with the merits. In response to the complaint, Defendants will likely seek dismissal of the case on jurisdictional grounds, which the Court should resolve before addressing the merits. In addition, Defendants' position is that the merits of the case will be decided based on the administrative record, which Defendants have not yet compiled, and which is not due for some time under the Court's Local Rules. Given these circumstances, Defendants do not believe this case is appropriate for consolidation of the preliminary injunction motion and the merits.

B.  **Recommendations from the Parties for Further Proceedings Including, if Necessary, a Briefing Schedule for Plaintiff's Motion.**

Defendants will file their response to the Motion for Injunctive Relief on Monday, December 28, 2020, consistent with the timing set forth in the Local Rules. Plaintiff has also requested that the Court conduct a hearing prior to January 1, 2020—*i.e.*, the date Defendants intend to commence implementation of the MFN Interim Final Rule. If the Court chooses to hold a hearing before year-end, Plaintiff hopes to be in a position to submit a Reply in support of its Motion for Injunctive Relief before such hearing, time permitting. Defendants request that Plaintiff be required to file any such reply at least 24 hours before the hearing, to allow time for Defendants to consider the arguments therein. Plaintiffs oppose this request.

**C.      Whether the Parties Consent to the Transfer of This Case to a District in Which One of the Related Cases is Currently Pending for the Purposes of Potential Consolidation.**

Plaintiff advised the Court of three related cases in the District of Maryland, the Northern District of California, and the Southern District of New York.  ECF Nos. 4, 5 & 14.[1]  As of the filing of this *Joint Status Report*, the parties' motions for temporary restraining order and preliminary injunction in the cases pending in the District of Maryland and Southern District of New York have been fully briefed and argued.  The briefing is nearly complete in the action in the Northern District of California, but the court has not yet set a hearing date.

Plaintiff would consider transfer to the District of Maryland if the case could be consolidated with the related case pending there because: (a) it is geographically proximate; and (b) some of the plaintiffs in that case are broadly similar to Plaintiff COA; however, Plaintiff would like to conduct further investigation concerning the related case in the District of Maryland before making a final commitment to the Court.  Plaintiff does not consent to a transfer of this case to either the Northern District of California or the Southern District of New York for both geographic and substantive reasons.

---

[1] These cases are: (a) *Assoc. of Community Cancer Centers v. Azar*, Case No. 1:20-cv-03531-CCB (D. Md.); (b) *Biotechnology Innovation Org. v. Azar*, Case No. 3:20-cv-08603-VC (N.D. Cal.); and (c) *Regeneron Pharmaceuticals, Inc. v. U.S. Dep't of Health and Human Servs.*, Case No. 7:20-cv-10488-KMK (S.D.N.Y.).

Defendants do not consent to the transfer of the case before Your Honor to any of the districts of the related cases. If the Court is inclined to transfer the case, Defendants would like the opportunity to brief the issue more fully.

Date: December 22, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director

s/*Rachael L. Westmoreland*
RACHAEL L. WESTMORELAND
ALEXANDRA R. SASLAW
LISA N. NEWMAN
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 514-1280
rachael.westmoreland@usdoj.gov

 Attorneys for Defendants

Respectfully submitted,

/s/ Kierstan L. Carlson
Kierstan L. Carlson (DC Bar No. 1005383)
BLANK ROME LLP
1825 Eye Street, N.W.
Washington, DC  20006-5403
Tel:  (202) 420-2200
Fax: (202) 420-2201
carlson@blankrome.com

Laurence S. Shtasel (*pro hac vice*)
Jeffrey N. Rosenthal (adm. pending)
Thomas F. Brier, Jr. (*pro hac vice*)
One Logan Square
Philadelphia, Pennsylvania 19103
(215) 569-5691 (phone)
(215) 832-5691 (fax)
shtasel@blankrome.com
Rosenthal-j@blankrome.com
Tbrier@blankrome.com

*Attorneys for Plaintiff Community Oncology Alliance, Inc.*